UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **EYEVAC, LLC,**<br><br>                  Plaintiff,<br><br>v.<br><br>**STYLANCE INC. and VIP BARBER SUPPLY, INC.,**<br><br>                  Defendants. | Case No.   1:22-cv-00902<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, EyeVac, LLC, files this Original Complaint for Patent Infringement against Defendants, Stylance Inc. and VIP Barber Supply, Inc., and alleges as follows:

### I. Parties

1. Plaintiff EyeVac, LLC ("EyeVac" or "Plaintiff") is a Texas limited liability company having a principal place of business at 7500 Rialto Blvd. Bldg. 1, Ste. 122, Austin, Texas 78735.

2. On information and belief, Defendant Stylance Inc. ("Stylance") is a Chinese company, having a principal office at 301 No. 11 ChangXing Road, HanTang village, RenHe town, Baiyun distr., Guangzhou, China, and may be served through its U.S. address at 1900 Grant St., Denver, CO 80203 on its president.

3. On information and belief, Defendant VIP Barber Supply, Inc. ("VIP") is a Florida corporation, having a principal office at 9370 N. Florida Avenue, Tampa, FL 33612, and may be served through its registered agent, Jesus H. Guzman, at such address.

4. Stylance and VIP are collectively referred to as "Defendants."

### II. Jurisdiction and Venue

5. This action arises under the patent laws of the United States, Title 35, United States

**Original Complaint for Patent Infringement**                                                                          1

Code § 1, *et seq*. This Court has exclusive subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long-Arm Statute, due at least to their business in this forum, including at least a portion of the infringements alleged herein. Furthermore, Defendants are subject to this Court's specific and general personal jurisdiction because Defendants are foreign and domestic corporations.

7. On information and belief, within this State and this District, Defendants have made, used and/or sold EyeVac's patented inventions thereby committing and continuing to commit acts of patent infringement alleged herein. Further, on information and belief, Defendants have derived revenues from their infringing acts occurring within Texas and the Western District of Texas. Moreover, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas and the Western District of Texas. Further, on information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their sale of products and/or services within Texas and the Western District of Texas. Defendants have committed such purposeful acts and/or transactions in Texas and the Western District of Texas such that they reasonably should know and expect that they could be haled into this Court as a consequence of such activity.

8. Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and (d) and 1400(b). On information and belief, Defendant Stylance is incorporated in China and may be sued in this District. On information and belief, Defendant VIP is an online only business selling to customers

in this District, delivering infringing products in this District, operating servers and similar equipment in this District, and storing infringing products in this District, and has other regular and established place of business in this District. On information and belief, a substantial part of the acts or omissions giving rise to the claims occurred in this District.

9. For these reasons, personal jurisdiction exists and venue is proper in this Court.

### III.  Factual Background

10. EyeVac owns all right, title and interest in United States Letters Patent No. 7,356,872 (the "'872 Patent") entitled "Automated Electronic Vacuum System and Method," which was duly and legally issued by the United States Patent & Trademark Office (PTO) on April 15, 2008 after full and fair examination.  A copy of the '872 Patent is attached as <u>Exhibit A</u>.

11. Defendants are infringing and/or inducing others to infringe by making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, products or processes that practice one or more inventions claimed in the EyeVac '872 Patent.

12. Defendants have profited through infringement of the EyeVac Patents.  As a result of Defendants' unlawful infringement of the EyeVac Patents, EyeVac has suffered and will continue to suffer damage.  EyeVac is entitled to recover from Defendants the damages suffered by EyeVac as a result of Defendants' unlawful acts.

13. EyeVac has previously notified Defendant Stylance (on information and belief the manufacturer of the infringing products) on multiple occasions of infringement by Stylance's products of both EyeVac's '872 Patent and corresponding Chinese Patent.

14. Defendants have failed to respond to the repeated notices.

15. On information and belief, Defendants have known of the EyeVac '872 Patent. EyeVac hereby notifies Defendants of the EyeVac Patent and demands that Defendants halt

infringing activities.

16.     On information and belief, Defendants continue and will continue their unlawful infringing activity, and EyeVac continues and will continue to suffer irreparable harm, for which there is no adequate remedy at law, from such unlawful activity unless Defendants are enjoined by his Court.

### IV.  Infringement of U.S. Patent No. 7,356,872 (the "'872 Patent")

17.     EyeVac hereby incorporates and realleges paragraphs 1 through 16 above as though fully set forth herein.

18.     Claims 1, 2, 3, and 4 of the '872 Patent include systems for vacuuming a refuse on a surface, the systems contact and fit on the surface when in use for vacuuming. The systems include a housing with an inlet and an outlet, the inlet contacts the surface, a vacuum motor connected to the inlet and outlet, a light source connected to the housing, a light sensor connected to the housing to sense the light source, and a controller that controls the vacuum motor in response to the light source interrupted to the light sensor.

19.     On information and belief, Defendants make, use, sell, offer to sell, and/or import in or into the United States a stationary vacuum product, identified at least by Defendant Stylance as ELECTRICAL/Vacuum Hair Dustbin/Ref.:VA001A-BK and by Defendant VIP as Clean All Professional Hair Vacuum SKU FSC-723, that sit on a surface, such as a floor. The products include a housing with an inlet and outlet, the inlet contacts the surface, a vacuum motor is connected to the inlet and outlet, a light source is connected to the housing, a light sensor is also connected to the housing to sense the light, and a controller controls the vacuum motor in response to interruption of the light source to the light sensor. Defendant Stylance's infringing product is shown and described in <u>Exhibit B</u> attached and incorporated herein. Defendant VIP's infringing

**Original Complaint for Patent Infringement**                                                                                                4

product is shown and described in Exhibit C attached and incorporated herein.

20. Claims 8, 9 and 10 of the '872 Patent include methods of automated operation of a vacuum device. The methods include providing a light sensor to a vacuum device, providing a light source to the vacuum device, the light source visible to the light sensor if not interrupted, positioning the vacuum device on a surface to be vacuumed, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum device for operating the vacuum device based on sensing.

21. On information and belief, Defendants make, use, sell, offer to sell, and/or import in or into the United States a method of automated operation of a vacuum device, identified at least by Defendant Stylance as ELECTRICAL/Vacuum Hair Dustbin/Ref.:VA001A-BK and by Defendant VIP as Clean All Professional Hair Vacuum SKU FSC-723, that includes providing a light sensor to the vacuum product, providing a light source to the vacuum product, which light source is visible to the light sensor if not interrupted, positioning the vacuum product on a surface, sensing an external event to the vacuum device adjacent the surface, and controlling power to the vacuum based on sensing of the light source by the light sensor. The infringing method of Defendant Stylance's product is shown and described in Exhibit D attached and incorporated herein. The infringing method of Defendant VIP's product is shown and described in Exhibit E attached and incorporated herein.

22. Defendants, by making, using, selling, offering to sell, and/or importing in or into the United States, without authority, systems and methods under inventions claimed in the '872 Patent, have directly or indirectly infringed (by contributory infringement and/or inducement of infringement), and are continuing to infringe, directly or indirectly, at least claims 1, 2, 3, 4, 8, 9 and 10 of the '872 Patent in this district and/or otherwise within the United States.

**Original Complaint for Patent Infringement**                                                                                                  5

23. Defendants have had knowledge of the '872 Patent, and have not ceased their infringing activities.

24. Defendants' infringements of the '872 Patent have been and continue to be willful and deliberate.

25. As a direct and proximate consequence of the acts and practices of Defendants in infringing, directly and/or indirectly, one or more claims of the '872 Patent, EyeVac has been, is being and, unless such acts and practices are enjoined by this Court, will continue to be injured in its business and property rights.

26. As a direct and proximate consequence of the acts and practices of Defendants in infringing, directly and/or indirectly, one or more claims of the '872 Patent, EyeVac has suffered, is suffering, and will continue to suffer injury and damages for which EyeVac is entitled to relief under 35 U.S.C. § 284, in an amount to be determined at trial.

27. By reason of the infringing acts and practices of Defendants, Defendants have also caused, are causing and, unless such acts and practices are enjoined by this Court, will continue to cause immediate and irreparable harm to EyeVac for which there is no adequate remedy at law, and for which EyeVac is entitled to injunctive relief under 35 U.S.C. § 283.

## V. Prayer for Relief

EyeVac prays for the following relief against Defendants, Stylance Inc. and VIP Barber Supply, Inc., jointly and severally:

a. A judgment that Defendants have infringed, directly and indirectly, the '872 Patent;

b. A judgment and order preliminarily and permanently enjoining Defendants, their employees and agents, and any other person(s) in active concert or participation with them from infringing, directly or indirectly, the '872 Patent;

c. A judgment and order requiring Defendants to pay EyeVac damages under 35 U.S.C. § 284, including treble damages for willful infringement as provided by 35 U.S.C. § 284, and supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

d. An award of all costs of this action, including attorneys' fees and interest; and

e. Such other and further relief as the Court deems just and equitable.

## VI.  Demand for Jury Trial

EyeVac hereby demands that all issues be determined by a jury.

Respectfully submitted,

/s/ H. Dale Langley, Jr
H. Dale Langley, Jr.
Texas Bar No. 11918100
The Law Firm of H. Dale Langley, Jr., P.C.
1803 West Avenue
Austin, Texas 78701
Phone Number:  512-477-3830
Facsimile:  866-735-9129
Email:  dlangley@iptechlaw.com

**ATTORNEYS FOR PLAINTIFF
EYEVAC, LLC**

DATED: September 8, 2022